IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-cv-00759 |
| $7,823.00 UNITED STATES CURRENCY, et al., | ) ) ) | Judge Nixon JURY DEMAND |
| Defendants, | ) ) ) | |
| and | ) ) | |
| FRANK DWAYNE RANDOLPH and CHANNIN ACE RANDOLPH, | ) ) ) | |
| Claimants. | ) | |

## ORDER

Before the Court is the United States of America's Motion to Strike Claim of Channin Randolph ("Motion"). (Doc. No. 23.) The United States also filed a supporting Memorandum of Law and Facts (Doc. No. 24) and a supporting affidavit (Doc. No. 25). Claimant Channin Randolph has not responded to the Motion.

On August 8, 2011, the United States filed a Verified Complaint *In Rem* against various amounts of currency and other property pursuant to 21 U.S.C. § 881(a)(6). (Doc. No. 1.) Claimant received a copy of the Verified Complaint and a Notice of Judicial Forfeiture Proceedings ("Notice") via certified mail on August 18, 2011. (Doc. No. 25-1.) On September 21, 2011, Claimant filed a claim asserting ownership of the Defendant Property. (Doc. No. 8.) Under Rule G(5)(b) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant was then required to file an answer

1

to the Verified Complaint or a motion under Federal Rule of Civil Procedure 12 within twenty-one days after filing his claim, or no later than October 12, 2011.

The Notice that Claimant received on August 18 informed him of the requirements of Rule G(5)(b), and that failure to comply could affect his right to contest the forfeiture. (Doc. No. 25-1.) The United States avers that since that time, it sent Claimant an additional letter reminding him of the requirements. (Doc. No. 24 at 1.) Claimant filed an identical copy of his claim on January 17, 2012 (Doc. No. 21), but has not filed an answer or a motion under Rule 12 to date. At any time before trial, the government may move pursuant to Supplemental Rule G(8)(c) to strike a claim (1) for failure to comply with Rule G(5) or (6) and (2) because the claimant lacks statutory standing. The United States therefore moves to strike the claim on the basis of Claimant's failure to file an answer or Rule 12 motion. (Doc. No. 23.)

A claimant who fails to strictly comply with the with the procedural requirements of Supplemental Rule G(5) lacks the statutory standing to challenge a forfeiture action. *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005); *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990). "Courts are authorized to strike the claim and/or answer of any claimant who fails to follow the [Supplemental] Rules' procedural dictates." *United States v. $22,226.25 in Interbank FX Acct. No. XXX0172*, 763 F. Supp. 2d 944, 948 (E.D. Tenn. 2011) (internal quotation omitted). However, a district court also has discretion to excuse noncompliance and allow an extension of the filing deadlines. *Id.* A court may consider:

> [T]he claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors.

2

Case 3:11-cv-00759   Document 26   Filed 02/29/12   Page 2 of 4 PageID #: 149

*Id.* (citations omitted).

The Court declines to exercise its discretion to excuse Claimant's noncompliance with Supplemental Rule G(5) under the circumstances of this case and the aforementioned factors. Claimant's answer was due over four months ago. Claimant has been notified of his obligation to file an answer on multiple occasions, and the timely filing of his initial claim indicates that he was indeed aware of the procedural requirements. Further, Claimant received service of the current Motion but has not responded or made any other effort to demonstrate why his claim should be allowed to go forward. The Court recognizes that Claimant is proceeding *pro se* in his claim; however, "procedural default need not be excused merely because the claimant is proceeding *pro se*." *Id.* (citations omitted).

Although Claimant apparently resubmitted his claim on January 17, 2012 (Doc. No. 21), this claim is untimely and does not suffice as an answer that establishes his standing and contests the averments of the Verified Complaint. *See United States v. U.S. Currency in the Sum of $261,480*, 2002 WL 827420, at *1 n.3 (E.D.N.Y. May 2, 2002) (explaining that "[t]he claim and the answer, though similar, serve distinct purposes," and that the purpose of the answer is to assert defenses and admit or deny the government's allegations). Nor does the Court find any law that filing a copy of a claim renews the claim and restarts the procedural timeline set forth in Supplemental Rule G(5).

Finally, a primary purpose of Supplemental Rule 5(G) is to ensure efficiency in resolving forfeiture proceedings. *$22,226.25*, 763 F. Supp. 2d at 947-48 (holding that, although the United States had not identified financial prejudice associated with granting the claimants additional time to comply with the requirements, it was not prudent to excuse the procedural default when the action had been pending "for some time" and the claimants were on notice of the

3

Case 3:11-cv-00759   Document 26   Filed 02/29/12   Page 3 of 4 PageID #: 150

requirements). For these reasons, the Court **GRANTS** the United States's Motion and **STRIKES** the claim of Claimant Channin Ace Randolph.

It is so ORDERED.

Entered this the 28th day of February, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT